IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRES GARCIA,

      Plaintiff,

vs.

GARY TAFOYA, PETE CAMACHO,
STEVE BARELA, WILL PRATER,
KELLEY JO PARKER, GERARD
HYATT, FNU LNU, RICHARD VON
ANCKEN, JACQUIE MONCLOVA,
SUE CLEVELAND, MARINA
ESTRADA, ALEX BOLDEN, JOHN
DOE 1, JOHN DOE 2, JOHN DOE 3,
JOHN DOE 4, and JOHN DOE 5 in their
individual capacities, and the CITY OF
RIO RANCHO, CHILDREN YOUTH
AND FAMILIES DEPARTMENT,
JUVENILE PROBATION
DEPARTMENT, BOARD OF
EDUCATION OF RIO RANCHO
SCHOOL DISTRICT, RIO RANCHO
SCHOOL DISTRICT, BOARD OF
COUNTY COMMISSIONERS OF
BERNALILLO COUNTY,

      Defendants.

No. 1:08-cv-00279-PJK-WDS

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of pending motions:

(1) Defendants Gary Tafoya, Pete Camacho, and the City of Rio Rancho's Motion

for Partial Summary Judgment filed May 13, 2009 (Doc. 129);

(2) Defendants Rio Rancho Public School District, Board of Education of Rio Rancho Public School District, Gerard Hyatt, Richard VonAncken and Sue Cleveland's Second Motion for Partial Summary Judgment as to Count VI of Plaintiff's Amended Complaint filed June 16, 2009 (Doc. 138);

(3) Defendants Rio Rancho Public School District, Board of Education of Rio Rancho Public School District, Gerard Hyatt, Richard VonAncken and Sue Cleveland's Second Motion for Partial Summary Judgment as to Counts I, III, and IV of Plaintiff's Amended Complaint Based on Qualified Immunity and Other Grounds filed June 16, 2009 (Doc. 140); and

(4) Defendant Jacquie Monclova's Motion for Summary Judgment Based On Qualified Immunity and Other Grounds filed May 13, 2009 (Doc. 127).

Upon consideration thereof, the court finds that the motions are not well taken and should be denied.

## Discussion

(1)  <u>Background.</u>  In this 42 U.S.C. § 1983 action, Plaintiff seeks damages for violation of his Fourth and Fourteenth Amendment rights and also brings supplemental state law claims.  Doc. 112.  In his federal claims, he maintains that he was, inter alia, unlawfully seized by named Defendants Gary Tafoya, Pete Camacho, Steve Barela, Will Prater, Kelley Jo Parker, Gerard Hyatt, Marina Estrada, Alex Bolden, Jacquie Monclova (Count I), unreasonably searched by Defendant Tafoya (Count II), and unlawfully strip searched by Defendant Bolden (Count X).  Doc. 112 at 10, 11, 23.  He alleges that

Defendant Board of County Commissioners of Bernalillo County had a custom and policy of unlawfully strip searching juveniles (Count XI).  Doc. 112 at 24.  He maintains that the "School District Defendants" (Sue Cleveland, Richard Von Ancken, Monclova, Rio Rancho Public School District and the Board of Education of the Rio Rancho Public School District) failed to properly train and supervise Defendant Hyatt and were deliberately indifferent to Defendant Hyatt's tortious conduct and civil rights violations (Count III).  Doc. 112 at 12.  He also claims that Defendants Von Ancken, Monclova, Hyatt, and Tafoya violated his procedural due process rights by arresting him while he was attending school and that Defendants Barela, Prater, and Parker violated his procedural due process rights by falsely imprisoning him without notice and an opportunity to be heard (Counts IV-V).  Doc. 112 at 14-15.

His supplemental state law claims under the New Mexico Tort Claims Act include assault, battery, false arrest, false imprisonment and the failure to prevent such torts against Defendants Tafoya, Camacho and the City of Rio Rancho (Count VII); negligence in operating Rio Rancho High School and maintaining school records against Defendants Von Ancken, Monclova, Hyatt, Cleveland, Tafoya, Rio Rancho Public School District and the Board of Education of Rio Rancho Public School District (Count VI), false imprisonment and violation of the right to be free of strip searches against Defendants Estrada, Bolden and the Board of County Commissioners of Bernalillo County (Count VIII), and negligence in operating the juvenile probation department against Defendants

Barela, Prater, Parker, the Juvenile Probation Department and the Children, Youth and Families Department (Count IX).  Doc. 112.

Briefly, this case involves mistaken identity.  On March 6, 2006, an arrest warrant was issued by the New Mexico Second Judicial District Court for a juvenile named Andres Garcia.  Doc. 135, Ex. C.  The warrant described an individual who weighed 125 pounds; was 5 feet, 3 inches; was born on December 12, 1990; and lived at 3626 Alameda NW in Albuquerque.  Doc. 135, Ex. C.  Although Plaintiff bears a similar name as that on the arrest warrant, Andres F. Garcia, he weighed 190 pounds; was 5 feet, 9 inches; was born on June 18, 1988; and had never lived at 3626 Alameda NW.  Doc. 112 at ¶ 23.  Despite the discrepancies, Defendants Tafoya and Hyatt pulled Plaintiff out of gym class at Rio Rancho High School, questioned him, and ultimately arrested him.  Doc. 135, Ex. A.  Defendant Tafoya booked Plaintiff into the Bernalillo County Juvenile Detention Center and Defendant Bolden strip searched him.  Doc. 135, Ex. A at ¶ 24; Doc. 112 at ¶ 33; Doc. 115 at ¶ 19.  Plaintiff was imprisoned at the Juvenile Detention Center for four days and three nights until he was brought before a Children's Court Judge who released him. Doc. 135, Ex. A.

Various Defendants seek summary judgment on the following grounds. Defendants Tafoya, Camacho, and the City of Rio Rancho move for summary judgment on Counts I, II, and IV based on qualified immunity.  They argue that Defendant Tafoya properly relied on a valid arrest warrant when he arrested Plaintiff.  Doc. 129.  Because Defendant Tafoya is entitled to qualified immunity, they argue that the supervisory claims

against Defendant Camacho and the City of Rio Rancho fail as well. Doc. 129. They also argue that sovereign immunity has not been waived under the New Mexico Tort Claims Act, and this claim should be dismissed (Count VI). Doc. 130 at 10-12. Defendants Rio Rancho Public School District, Board of Education of Rio Rancho Public School District, Defendant Hyatt, Defendant Von Ancken, and Defendant Cleveland ("the School District Defendants") move for summary judgment on Plaintiff's various state law tort claims (Count VI). Doc. 138. They argue that sovereign immunity has not been waived under the New Mexico Tort Claims Act, and so these claims should be dismissed (Count VI). Doc. 139 at 7-14. The School District Defendants also move for summary judgment on Counts I, III, and IV based on qualified immunity and other grounds. Doc. 140. Defendant Monclova separately moves for summary judgment on Counts I, III, IV, and VI based on qualified immunity and other grounds. Doc. 127. Plaintiff has agreed to dismiss Count I against Defendant Camacho, Doc. 135 at 2, and all claims against Defendants Estrada, Bolden and the Board of County Commissioners of Bernalillo County, have been dismissed with prejudice by stipulation. Docs. 164 & 166.

On February 24, 2009, the magistrate judge granted a motion to stay discovery pending resolution of the motions for qualified immunity. Doc. 100. Because Plaintiff has not received responses to written discovery requests due to the stay, he has requested relief under Fed. R. Civ. P. 56(f).

(2) Summary Judgment Standard. Summary judgment is appropriate under Fed. R. Civ. P. 56(c) "if the pleadings, the discovery and disclosure materials on file, and any

affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In applying this standard, the court views the evidence in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). At the same time, Plaintiff must go beyond the allegations in the complaint and come forward with significantly probative evidence that would support a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

(3) Qualified Immunity. Governmental officials performing discretionary functions are entitled to qualified immunity when their conduct does not violate clearly established rights of which a reasonable person would have known. Pearson v. Callahan, 129 S. Ct. 808, 815 (2009). The Supreme Court has emphasized that qualified immunity should be decided early in the proceedings because it is immunity from suit (rather than a defense to liability) that is effectively lost if Defendants are required to go to trial. Id. Qualified immunity is a legal inquiry, but it may be applied to government officials' mistakes of law, mistakes of fact, or mistakes involving mixed questions of law and fact. Id.

Given a qualified immunity defense raised on summary judgment, Plaintiff must demonstrate how the facts (taken in the light most favorable to the Plaintiff) make out a constitutional violation, and if so, whether the right is clearly established given these specific circumstances. Id. at 815-16; Cortez v. McCauley, 478 F.3d 1108, 1114 (10th

Cir. 2007) (en banc).  The court may decide these issues in any order.  Pearson, 129 S. Ct. at 818.

Although normally a legal inquiry turning on abstract issues of law, qualified immunity must be denied in this case because there are genuine issues of material fact concerning what occurred on March 17, 2006 and thereafter.  To be sure, a law enforcement officer "executing an arrest warrant is [not] required by the Constitution to investigate independently every claim of innocence, whether the claim is based upon mistaken identity or a defense such as lack of requisite intent."  Baker v. McCollan, 443 U.S. 137, 145-46 (1979).  But there are genuine issues of material fact that go to whether constitutional violations occurred and the objective legal reasonableness of the Defendants' conduct.  After a careful review of the parties' evidentiary submissions, this is not a case where qualified immunity would be appropriate at this time given that the court on summary judgment is required to construe the facts in the light most favorable to the non-moving party.  See Fed. R. Civ. P. 56(c); Cortez v. McCauley, 478 F.3d 1108, 1115 (10th Cir. 2007).  So construed, the clearly established law concerning the requisites of, inter alia, unreasonable seizure, probable cause, and due process could allow Plaintiff to prevail.  See, e.g., Hill v. California, 401 U.S. 797, 802-05 (1971) (mistake of fact as to arrestee's identity must be reasonable); Goss v. Lopez, 419 U.S. 565, 574-75 (1975).  The factual issues also preclude summary judgment on the state law claims.

(4)  Pending Motions and Stay of Discovery.  Plaintiff has been granted an

extension of time until 30 days after the stay of discovery has been lifted (Doc. 147) to respond to Defendants Children Youth and Families Department, Barela, Prater, and Parker's Second Motion for Summary Judgment Based on Qualified Immunity and Other Grounds (Doc. 132).  The court now lifts the stay, and Plaintiff's response is due within 30 days after the completion of discovery.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

(1)  Defendants Tafoya, Camacho, and the City of Rio Rancho's Motion for Partial Summary Judgment filed May 13, 2009 (Doc. 129) is granted insofar as Count I against Defendant Camacho, and denied in all other respects;

(2)  Defendants Rio Rancho Public School District, Board of Education of Rio Rancho Public School District, Hyatt, VonAncken and Cleveland's Second Motion for Partial Summary Judgment as to Count VI of Plaintiff's Amended Complaint filed June 16, 2009 (Doc. 138) is denied;

(3)  Defendants Rio Rancho Public School District, Board of Education of Rio Rancho Public School District, Hyatt, VonAncken and Cleveland's Second Motion for Partial Summary Judgment as to Counts I, III, and IV of Plaintiff's Amended Complaint Based on Qualified Immunity and Other Grounds filed June 16, 2009 (Doc. 140) is denied;

(4)  Defendant Monclova's Motion for Summary Judgment Based On Qualified Immunity and Other Grounds filed July 6, 2009 (Doc. 127) is denied; and

(5)  The stay of discovery pending resolution of qualified immunity motions (Doc. 100) is lifted and Plaintiff shall respond Defendants Children Youth and Families Department, Barela, Prater, and Parker's Second Motion for Summary Judgment Based on Qualified Immunity and Other Grounds (Doc. 132) within 30 days after the completion of discovery.

DATED this 5th day of November 2009, at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation

Counsel:

Kirtan K. Khalsa, Khalsa Law Office, Albuquerque, New Mexico, and Mark Fine, Fine Law Firm, Albuquerque, New Mexico, for Plaintiff.

Stephen L. Cash and Elizabeth L. German, Albuquerque, New Mexico, for Defendants Steve Barela, Will Prater, Kelley Jo Parker, and Children, Youth and Families Department.

Jerry A. Walz, Walz & Associates, Cedar Crest, New Mexico, for Defendants Rio Rancho Public School District, Board of Education of Rio Rancho Public School District, Gerard Hyatt, Richard VonAncken, Jaquie Monclova and Sue Cleveland.

Randy S. Bartell, Brian T. Judson, and Holly Agajanian, Montgomery & Andrews, P.A., Santa Fe, New Mexico, for Defendants Gary Tafoya, Pete Camacho and the City of Rio Rancho.

William D. Slease and Jonlyn Martinez, Slease & Martinez, P.A., Albuquerque, New Mexico, for Defendants Marina Estrada, Alex Bolden, and the Board of County Commissioners of Bernalillo County.